## IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF OKLAHOMA

**FILED**

MAR 2 7 2013

WILLIAM B. GUTHRIE
Clerk, U.S. District Court
By_____
Deputy Clerk

|  |  |
|---|---|
| BILL R. CATHEY, | ) |
| Plaintiff, | ) |
| v. | ) No. CIV 10-220-RAW-SPS |
| JUSTIN JONES, et al., | ) |
| Defendants. | ) |

### OPINION AND ORDER

This action is before the court on the defendants' motions to dismiss and plaintiff's motion for partial summary judgment. The court has before it for consideration plaintiff's second amended complaint, the parties' motions, and their responses.

Plaintiff, an inmate proceeding pro se, is incarcerated at Oklahoma State Penitentiary (OSP) in McAlester, Oklahoma. The 19 defendants are DOC Director Justin Jones, DOC Director's Designee Debbie Morton, DOC Medical Director Glenese McCoy, and the following OSP officials: Warden Randall Workman, Medical Administrator Chester Mason, H-Unit Manager Tracy Davis, Security Director William Jones, H-Unit Shift Supervisors Marcella Thompson and Sean Chumley, Assistant Warden Linda Morgan, H-Unit Case Manager Eric Thomas, Unit Manager Debbie Aldridge, Physician John Marlar, Guard Matthew Butzer, Property Room Supervisor Ron Parker, Captain Frank Dedmon, Mail Room Supervisor David Orman, Terry Crenshaw, and Matthew Knight.[1]

On June 23, 2010, plaintiff filed a 150-page civil rights complaint with 77 pages of exhibits, complaining of the conditions of his confinement and disciplinary procedures,

---

[1] To the extent the defendants are sued in their official capacities as DOC officials, plaintiff's claims are barred by the Eleventh Amendment. It is well settled that a damages suit against a state official in his official capacity is merely another way of pleading an action against the State. *See Kentucky v. Graham*, 473 U.S. 159, 165 (1985). *See also Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1988) (state officials sued in their official capacities are not "persons" for purposes of a § 1983 suit, because the suit is against the official's office and not against the official).

among other things, at OSP. [Docket No. 1]. He attempted to supplement the complaint by adding additional claims regarding incidents that occurred after he initiated this action, but was advised he would have to file a proper amended complaint. [Docket No. 10]. His amended complaint was 153 pages long with 88 pages of exhibits. [Docket No. 14].

On November 16, 2010, the court entered an Order Staying Proceedings and Requiring Special Report [Docket No. 65], and plaintiff filed a notice of appeal concerning the ORSR on December 6, 2010. [Docket No. 66]. The appeal was dismissed for lack of jurisdiction. *Cathey v. Jones*, No. 10-7098 (10th Cir. Dec. 13, 2010) [Docket No. 77]. On January 25, 2011, he filed a second notice of appeal concerning the district judge's denial of his motion to reconsider the ORSR. [Docket No. 79]. On January 31, 2011, the district court struck plaintiff's second notice of appeal, because the order he was seeking to appeal was not an appealable order. [Docket No. 81].

On March 1, 2011, plaintiff filed a petition for a writ of mandamus to compel the district court to rule on certain motions in this case. [Docket No. 85]. The Tenth Circuit found that mandamus was not appropriate, because the case was proceeding. *In re Cathey*, No.11-7012 (10th Cir. April 1, 2012) [Docket No. 93].

On March 29, 2012, the court entered an order dismissing certain claims, denying plaintiff's motion for a temporary injunction, and directing him to submit a second amended complaint in conformance with the court's specific instructions. [Docket No. 119 at 13]. He was advised that Rule 8(a)(2) of the Federal Rules of Civil Procedure requires "a short and plain statement of the claim showing that the pleader is entitled to relief." *Id.* at 9. The court found "[p]laintiff certainly ha[d] not complied with this requirement, as his amended complaint [was] unnecessarily lengthy, unfocused, and filled with irrelevant facts and comments." *Id.* The court further noted that '[w]hile plaintiff may believe this style of writing is entertaining or even useful, it actually hinders the court in analyzing his claims." *Id.* The instructions for the second amended complaint were as follows:

> Plaintiff's future filings in this case should be concise and should raise

only relevant facts and issues. The second amended complaint may not include claims that have been dismissed by this Opinion and Order. The second amended complaint must include all the allegations and supporting material to be considered by the court, and it may not reference or attempt to incorporate material from plaintiff's original or first amended complaint. *See* Local Rule 9.2(c). **Plaintiff is to refrain from including unsupported speculation, rhetorical questions, and unnecessary or sarcastic comments in the second amended complaint. He must limit the second amended complaint to claims that directly concern him and not discuss issues concerning other inmates. Generalized allegations regarding issues affecting all inmates will not be considered. He is to avoid lengthy or irrelevant background information or other excessively long narratives.** The second amended complaint should state the facts of each separate claim and why he believes his constitutional rights were violated. He should include relevant dates, if available, for consideration of the claims in light of Oklahoma's two-year statute of limitations for civil rights claims. *See Meade v. Grubbs*, 841 F.2d 1512, 1522 (10th Cir. 1988). Any exhibits should be numbered in the lower right corner of the pages to allow readable scanning in the court's Electronic Case Management system. Plaintiff's failure to comply with these directions may result in dismissal of this action for failure to comply with Rule 8(a)(2).

[Docket No. 119 at 10-11 (emphasis added)].

In addition, plaintiff was advised about the allegations in his amended complaint regarding other inmates:

[M]any of the allegations in plaintiff's amended complaint concern incidents or conditions affecting other inmates. . . . [H]is extensive background material . . . only clutters the amended complaint and makes it more difficult to determine plaintiff's personal claims. Plaintiff does not have standing to sue on behalf of other inmates he alleges have been harmed. It is well-settled that "a section 1983 claim must be based upon the violation of a plaintiff's personal rights, and not the rights of someone else." . . .

[Docket No. 119 at 9-10 (citation omitted) (emphasis in original)]. On April 4, 2012, plaintiff filed a notice of intent to appeal this order, but it, too, was stricken because it was not a final, appealable order [Docket Nos. 122 and 123]. On April 25, 2012, he again filed a notice of appeal regarding the March 29, 2012, opinion and order [Docket No. 126]. The Tenth Circuit affirmed the denial of plaintiff's motion for preliminary injunction and dismissed the remainder of the appeal for lack of appellate jurisdiction. *Cathey v. Jones*, No. 12-7031 (10th Cir. Dec. 11, 2012). [Docket No. 150].

The defendants have filed motions to dismiss this action, alleging plaintiff has willfully failed to comply with Rule 8(a)(2) and the court's specific instructions. [Docket Nos. 132 and 146]. First, the court notes that plaintiff's second amended complaint is far from concise, as directed by the court. [Docket No. 119 at 10]. He raises 15 grounds for relief in the 130 pages of the complaint with an additional 167 pages of 160 exhibits. [Docket No. 125]. Furthermore, in contradiction to the court's order not to include claims that had been dismissed by the court [Docket No. 199 at 4-5, 10], he again discusses the dismissed issue of his misconduct arising from an April 15, 2010, shakedown. According to the defendants, plaintiff has failed to comply with all but one of the requirements set forth by the court:

> With the exception of correctly numbering exhibits, Plaintiff flouts each of the Court's instructions throughout his Second Amended Complaint. For example, in Ground 7 of Inmate Cathey's Second Amended Complaint [concerning the alleged seizure of inmates' hot pots after an inmate poured boiling water on his cellmate], he subjects his readers to unsupported speculation, rhetorical questions, unnecessary and sarcastic comments, lengthy and irrelevant background information, [and] excessively long narratives, [such as the following excerpt from the second amended complaint]:

>> Spur-of-the-moment decisions almost always have logical inconsistencies, and [Security Director] William Jones' decision is no exception. Death row remained exempt. The row is right across the hall from where the scalding incident occurred, and surely the killers on death row are not above pouring boiling water on someone. Exempt also was the rest of the prison. Those thousand other inmates at a maximum security prison are capable of throwing boiling water on someone in a fight. In my fifteen years at OSP I have lost count of the number of inmates who have been doused with boiling water. It's a time-honored tradition, and never have hot pots been taken as a result of such an incident. I suppose we are lucky hot food wasn't thrown in the victim's face or William Jones would have taken our vittles. This comment is more than facetious. Every morning inmates are served coffee, which sometimes is near boiling hot. This could just as easily be thrown in somebody's face as water from a hot pot, and work just as well. . . .

>> One inmate (seized by OSP) had just purchased his new hot pot from the prison two days before it was taken from him. He was not compensated. This could turn into a profitable

> racket for the prison. Let an inmate buy something, then take it, but this in fact is what OSP has done with impunity for years. I have had sweatshirts and shoes and appliances taken from me for years on just such whim. An inmate below me (seized by OSP) had his art supplies taken during a routine cell search by an arrogant guard. . . .
>
> And the real irony is that the above inmate who had his hot pot confiscated moved to another cell block within a month. There, he was permitted to purchase a hot pot. Had he been reformed in a month? Was he cured of his craving to throw hot water on people? The question is rhetorical and the answer is obvious. He was the same person he had always been, except that the prison's arbitrary rules allowed him to have a hot pot in one cell but not in another.

[Docket No. 132 at 4-5 (quoting Docket No. 125 at 51-52)]. The court agrees with the defendants that Count 7 is representative of plaintiff's willful disregard of the court's order for filing a second amended complaint.

In support of their motions to dismiss, the defendants cite the Tenth Circuit case of *Steiner v. Concentra*, 195 Fed. Appx. 723, 2006 WL 2507590 (10th Cir. Aug. 31, 2006) (unpublished op.), *cert. denied*, 550 U.S. 957 (2007). In that case, Dr. Steiner, a physician proceeding pro se, sued her former employer Concentra Inc. and various other individuals and business entities, alleging statutory violations and common law claims arising from her termination. *Id.*, 195 Fed. Appx. at 724. She initiated her action with a 29-page complaint naming 17 defendants and alleging retaliatory and discriminatory discharge, but after the magistrate judge suggested she dismiss several defendants, she took offense and moved for the magistrate judge's recusal. *Id.* at 725. The magistrate judge subsequently recommended that all parties except Concentra be dismissed, and granted Dr. Steiner permission to file an amended complaint only against Concentra, alleging her discrimination claim. *Id.* If she wanted to amend her complaint to add new claims, she was to file a motion to amend with a proposed amended complaint. *Id.* Because she was concerned about a filing deadline, Dr. Steiner tendered a lengthy amended complaint before she received copies of the magistrate judge's rulings. *Id.* When she received the magistrate judge's recommendation, she filed her

objections, beginning a "pattern of attaching a multiplicity of exhibits to her submissions, such as excerpts from the records of other cases against Concentra, e-mails from workers' compensation officials, affidavits from former Concentra employees, and printouts from presentations on HIPAA privacy provisions." *Id.*

Dr. Steiner's amended complaint was stricken as improper, because the magistrate judge's recommendation still was pending before the district court. *Id.* When the recommendation to dismiss all defendants but Concentra was adopted, Dr. Steiner was granted 11 days to file an amended complaint that complied with the magistrate judge's proposed restriction. *Id.* at 725-26. Instead of complying with the district court's order, Dr. Steiner petitioned the Tenth Circuit Court of Appeals for mandamus relief, which was denied. *Id.* at 726. She attempted to appeal the decision, but her case had not been fully adjudicated. *Id.* The district court denied Dr. Steiner's request for certification under Fed. R. Civ. P. 54(b) or for reconsideration of its earlier order. *Id.*

> . . . Noting that Dr. Steiner "h[ad] done nothing which was ordered" and that she was tying the "case in more and more procedural knots," the district court again ordered Dr. Steiner to file an amended complaint in conformity with its previous decision. It warned her that "[if] she fail[ed] to do so" within an additional 11 days, it would "dismiss what remains of [her] case, with prejudice."
>
> Dr. Steiner filed her second amended complaint within the district court's time frame but outside the bounds of its instructions. The complaint named the original array of defendants (minus one individual customer manager, plus another Concentra-affiliated entity). She expanded the introductory section, rearranged all her previous claims, added Title VII and FMLA claims, and incorporated 55 pages of attached exhibits. Concentra filed a motion to strike or dismiss the complaint.
>
> At the hearing on the motion, the magistrate judge struck the second amended complaint for failure to comply with previous court orders. He gave Dr. Steiner one more opportunity to file a short and plain complaint. He specifically instructed her to name only Concentra as a defendant and to make only two claims, age discrimination and wrongful termination in violation of public policy . . . . The magistrate judge also told her . . . to file [only one specific exhibit and] . . . again advised Dr. Steiner to retain an attorney.
>
> Two weeks later Dr. Steiner filed a "Motion Directed to the Judge Only to Reconsider the Magistrate's Order Striking the Plaintiff's Second Amended

Complaint with New Material Presented." Along with numerous other exhibits, she attached a proposed third amended complaint. That document stated that she "hereby incorporates, references and retains, into this . . . absolutely every word, numbered and unnumbered paragraph, claim, prayer for relief, and Exhibit in her Second Amended Complaint."

The district court promptly ruled on Dr. Steiner's filing. Stating that "[t]his is a case where enough is enough," that [p]laintiff did nothing which was ordered," and that the second amended complaint was "flagrant" in its non-compliance with previous orders of the court," the court dismissed the case with prejudice. As the district court put it,

> **[Dr. Steiner] has vexatiously and frivolously multiplied the proceedings. Her actions have prejudiced the defendant by causing delay and significant attorney fees. She has interfered with and delayed the judicial process and caused needless expenditure of judicial resources. Her actions have been willful, intentional, persistent, and contemptuous. She has been warned. The ultimate sanction of dismissal with prejudice is merited.**

Id. at 726-27 (citations omitted) (emphasis added).

On appeal, the Tenth Circuit held that "[a] district court may dismiss a case for failure 'to comply with 'the Federal Rules of Civil Procedure] or any other order of the court,' and the dismissal 'operates as an adjudication upon the merits." *Id.* at 727 (citing Fed. R. Civ. P. 41(b)).

> But dismissal or other final disposition of a party's claim is a severe sanction reserved for the extreme case, and is only appropriate where a lesser sanction would not serve the ends of justice. In applying such a sanction, the district court must consider: (1) the degree of actual prejudice to the opposing party; (2) the amount of interference with the judicial process; and (3) the culpability of the litigant. Only when these aggravating factors outweigh the judicial system's strong predisposition to resolve cases on their merits is outright dismissal with prejudice an appropriate sanction.

> If "a party appears pro se, the court should carefully assess whether it might appropriately impose some sanction other than dismissal, so that the party does not unknowingly lose its right of access to the courts because of a technical violation."

*Id.* at 727 (citing *Reed v. Bennett*, 312 F. 3d 1190, 1195 (10th Cir. 2002). *See also Fuentes v. Chavez*, 314 Fed. Appx. 143, 145, 2009 WL 458791, at *2 (10th Cir. 2009) (affirming dismissal with prejudice of pro se prisoner's complaint where, in violation of court orders,

7

he continued to submit "rambling, and sometimes incomprehensible" pleadings.).

As with Dr. Steiner, this court finds that even after he was warned, plaintiff "took willful and contemptuous actions that prejudiced [the defendants] by causing delay and needless expense, and [he] interfered with the judicial process. *Steiner*, 723 Fed. Appx. at 727. Plaintiff "refused to comply with clear court orders to eliminate . . . excess verbiage and irrelevant exhibits." *Id.* In addition, as was the case with Dr. Steiner, plaintiff "delayed and disrupted the judicial process by [repeatedly] inappropriately seeking interlocutory relief" from the appellate court. *Id.* "[A plaintiff's] pro se status does not excuse this type of conduct." *Id. See also Ogden v. San Juan County*, 32 F.3d 452, 255 (10th Cir. 1994) (holding that pro se litigants must comply "with the fundamental requirements of the Federal Rules of Civil and Appellate Procedure").

**ACCORDINGLY,** this action is, in all respects, DISMISSED WITH PREJUDICE for plaintiff's failure to comply with Fed. R. Civ. P. 8(a)(2) and the orders of the court. This dismissal shall count as a STRIKE pursuant to 28 U.S.C. § 1915(g).

**IT IS SO ORDERED** this _27r_ day of March 2013.

RONALD A. WHITE
UNITED STATES DISTRICT JUDGE

8